IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT MCKINNEY and EVANGELINE MCKINNEY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 21-00414-KD-N |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the parties' Joint Stipulation of Partial Dismissal (Doc. 37), through which all parties seek dismissal of Plaintiffs' allegations of bad faith against Defendant, as found in Count II of the Complaint, pursuant to Fed. R. Civ. Pro. 41(a).

Specifically, Plaintiffs seek to dismiss a certain count of the Complaint while permitting the other count to remain. (Doc. 37). However, Dismissal is not the proper vehicle for such relief. The Eleventh Circuit has explained that when a plaintiff seeks to dismiss a claim, but not the cause of action, the proper procedure is through a motion to amend the complaint. Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 at note 1 (11th Cir. 2010). "Circuit precedent dictates that Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. 'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)[]'"). Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). Thus, for plaintiffs to "eliminate

particular claims or issues from the action," they "should amend the complaint under Rule 15(a)[.]" Id.

Rule 15(a)(2)[1] provides that Plaintiffs may amend their pleadings "only with the opposing party's written consent or the court's leave[]" and the "court should freely give leave when justice so requires." Id. See also Foman v. Davis, 371 U.S. 178, 182 (1962). Because all parties have signed the stipulation and stipulate in writing to the relief sought in same, the Court will construe Doc. 37 as Plaintiffs' *unopposed* motion for leave to amend their Complaint to exclude their allegations of bad faith against the Defendant, as contained in Count II.

Accordingly, it is **ORDERED** that Plaintiffs shall file, on or before **September 2, 2022**, an amended complaint (amending to exclude their allegations of bad faith, as contained in Count II).

**DONE** and **ORDERED** this the 23rd day of **August 2022**.

>   /s/ Kristi K. DuBose
>   KRISTI K. DuBOSE
>   UNITED STATES DISTRICT JUDGE

---

[1] A review of the docket indicates that the Rule 15(a)(1) deadlines do not apply (i.e., the parties are beyond the "21 days" deadlines).